[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-13157
Non-Argument Calendar

_____

D.C. Docket No. 8:19-cr-00543-CEH-SPF-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUANA BAEZ-PAULINO,
a.k.a. Johanna Fuentes-Rodriguez,
a.k.a. Diomara Cruz-Figueroa,
a.k.a. Zamaris Diaz-Calderon,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(September 10, 2021)

Before NEWSOM, BRANCH, and ANDERSON, Circuit Judges.

PER CURIAM:

Juana Baez-Paulino appeals her total sentence of 36 months' imprisonment for (1) use of a fraudulently and falsely procured birth certificate; (2) false claim of United States citizenship; and (3) aggravated identity theft. Baez-Paulino argues that her sentence is procedurally and substantively unreasonable because the court improperly considered an erroneous allegation that she committed the underlying offenses for financial gain and failed to properly balance and weigh the relevant § 3553(a) factors.

## I.    Background

In 2013, Baez-Paulino pleaded guilty in the Southern District of Florida to aggravated identity theft and making a false statement in a passport application. The district court imposed a total sentence of 25 months' imprisonment to be followed by one year of supervised release and granted her request for voluntary surrender at a later date. But Baez-Paulino absconded shortly after sentencing, and the district court issued a warrant for her arrest and charged her with criminal contempt.

In 2016, while still a fugitive, Baez-Paulino applied for and received a Florida's driver's license using another person's birth certificate, bank statements, and identification. She was arrested in 2019 on the outstanding warrants.

Based on her 2016 conduct, she was charged in the Middle District of Florida with (1) use of a fraudulently and falsely procured birth certificate (Count

2

1); (2) false claim of United States citizenship (Count 2); and (3) aggravated identity theft (Count 3). Meanwhile, she pleaded guilty in the Southern District to the criminal contempt charge, and that court sentenced her to 24 months' imprisonment, followed by two years' supervised release, which it ordered to run consecutively to her sentence in the 2013 aggravated identity theft case.

Baez-Paulino pleaded guilty in the instant case to the 2016 crimes. The applicable guidelines range for Counts 1 and 2 was 18 to 24 months' imprisonment. Count 3 carried a mandatory-minimum term of two years' imprisonment, which the court was required to impose consecutively to any other term of imprisonment imposed in the case. Baez-Paulino faced a total statutory maximum of five years' imprisonment.

Prior to sentencing, Baez-Paulino filed a sentencing memorandum in which she requested a time-served sentence as to Counts 1 and 2 and the mandatory minimum of two years' imprisonment on Count 3. In support of her request, she emphasized that her son has a "severe heart defect," and "her conduct was undoubtedly driven by her motherly instinct and fervent drive to care for her ailing son." She also emphasized that she had suffered a traumatic childhood and young adulthood in her native country, the Dominican Republic, including past sexual abuse. Finally, she asserted that, due to her other convictions, she would be separated from her son for at least a total of 49 months' imprisonment and would

likely be deported upon release, such that a below-guidelines sentence was sufficient, but not greater than necessary, to accomplish the purposes of sentencing. She included numerous statements and letters written on her behalf in support of her motion.

At the sentencing hearing, after confirming that there were no objections to the presentence investigation report ("PSI"), the district court adopted it. Baez-Paulino then made a statement to the court. She emphasized that she grew up in an abusive home and she experienced sexual abuse starting at the age of 9. She decided to leave the Dominican Republic at the age of 18 in order to "look for a better life." She described how her son almost died within days of his birth—and since his birth has had numerous heart surgeries. She explained that she "thought that with [the] new ID [she] would be able to afford better school and health opportunities for her son." She begged the court for "mercy and compassion," noting that she was going to be separated from her son for 49 months based on her other sentences, which was her "worst fear."

Thereafter, Baez-Paulino's counsel argued that there was "an informal, although not enforceable . . . agreement more or less between the Federal Public Defender's office and the U.S. Attorney's office" that the 24 months' imprisonment Baez-Paulino received on the criminal contempt charge in the Southern District "encompass[ed] the conduct" in the present case. Accordingly,

she requested that, based on the § 3553(a) factors, the court vary downward on Counts 1 and 2, and only impose the mandatory two-year sentence on Count 3 because it was sufficient to accomplish the sentencing goals. The government requested a guidelines sentence and that the sentence imposed run consecutively to Baez-Paulino's undischarged terms of imprisonment in her prior cases, emphasizing that she was a repeat identity theft offender.

When pronouncing sentence, the district court explained that it had reviewed the PSI and the sentencing memorandum and supporting letters. It noted that it had considered Baez-Paulino's background, including the "horrendous" abuse that she suffered as a child and young adult, and her arguments concerning the appropriate sentence. The district court stated that it also considered "what [she] ha[d] done these past few years and since [she had] been in the United States ostensibly in an effort to gain employment, or that's usually why people are seeking false identities so basically they can remain in the United States and then be employed while they're here." The district court noted that it had "struggled with an appropriate sentence" due to the facts of this case. However, after considering Baez-Paulino's personal history and characteristics, and "the [§] 3553(a)(1)–(7) factors," it was going to vary downward on Counts 1 and 2, but only "slightly." Accordingly, the district court imposed concurrent terms of 12 months' imprisonment on Counts 1 and 2, and a consecutive term of 24 months' imprisonment on Count 3, to be

followed by 1 year of supervised release.  Additionally, the district court ordered

that the total 36-month term of imprisonment run consecutively to her 2013

undischarged term of imprisonment for her prior aggravated identity theft

conviction.  Finally, the court reiterated that in reaching the sentence, it had

considered the advisory guidelines and the § 3553(a) factors, and it found that "the

sentence imposed is sufficient but not greater than necessary to comply with the

statutory purposes of sentencing."  Baez-Paulino raised a general objection to the

reasonableness of the sentence.  This appeal followed.

## II.    Discussion

Baez-Paulino argues that her sentence of 36 months' imprisonment is

procedurally and substantively unreasonable because the district court improperly

relied on an unsupported aggravating factor when determining the appropriate

sentence—that she committed the underlying offenses for financial gain, failed to

properly balance and weigh the relevant § 3553(a) factors, and imposed an overly

severe sentence that "overstates the seriousness of her offenses."

Generally, we review a sentence for both procedural and substantive

reasonableness under a deferential abuse of discretion standard.  *See Gall v. United

States*, 552 U.S. 38, 51 (2007).  A sentence can be procedurally unreasonable if the

district court "select[s] a sentence based on clearly erroneous facts."  *Id.*

6

Baez-Paulino argues that her sentence is procedurally unreasonable because the district court improperly relied on an unsupported aggravating factor—that she committed the underlying offenses for financial gain.  Specifically, she points to the district court's statement at the sentencing hearing that, in determining the appropriate sentence, it considered, among other things, "what [she] ha[d] done these past few years and since [she had] been in the United States ostensibly *in an effort to gain employment . . . .*" (emphasis added).  She maintains that there is no evidence that she utilized the fraudulently obtained documents for financial gain. We disagree.

Baez-Paulino stated in her sentencing memorandum that "her conduct was undoubtedly driven by her motherly instinct and fervent drive to care for her ailing son."  And in her statement to the court at sentencing, she explained that she "thought that with [the] new ID [she] would be able to afford better school and health opportunities for her son."  Based on these statements, it was reasonable for the district court to infer that Baez-Paulino committed the underlying crimes "ostensibly in an effort to gain employment."  *See United States v. Matthews*, 3 F.4th 1286, 1289 (11th Cir. 2021) (explaining that, at sentencing, a district court "may . . . make reasonable inferences from the evidence").  Accordingly, the

district court did not abuse its discretion in considering this fact when fashioning the appropriate sentence.[1]

We examine whether a sentence is substantively reasonable in light of the totality of the circumstances. *Gall*, 552 U.S. at 51. The district court must issue a sentence that is "sufficient, but not greater than necessary" to comply with the purposes of 18 U.S.C. § 3553(a)(2), which include the need for a sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, deter criminal conduct, and protect the public from future criminal conduct. 18 U.S.C. § 3553(a). The court must also consider the "nature and circumstances of the offense and the history and characteristics of the defendant." *Id.* § 3553(a)(1). "[T]he district court need only 'acknowledge' that it considered the § 3553(a) factors, and need *not* discuss each of these factors . . . ." *United States v. Amedeo*, 487 F.3d 823, 833 (11th Cir. 2007) (quotation and internal citation omitted). Importantly, the weight given to a particular § 3353(a) factor "is committed to the sound discretion of the district court," and it is not required to

---

[1] The government argues that plain error review should apply to Baez-Paulino's procedural reasonableness claim because she failed to object to the district court's statement at sentencing concerning her motivation for the underlying offenses. *See United States v. Vandergrift*, 754 F.3d 1303, 1307 (11th Cir. 2014) (explaining that we review unobjected to procedural reasonableness challenges only for plain error). We need not decide which standard of review applies because we discern no error under either standard. *See United States v. Sarras*, 575 F.3d 1191, 1218 n.37 (11th Cir. 2009).

give "equal weight" to the § 3553(a) factors. *United States v. Rosales-Bruno*, 789 F.3d 1249, 1254 (11th Cir. 2015) (quotation omitted).

A district court abuses its discretion when it (1) fails to consider relevant factors that were due significant weight, (2) gives an improper or irrelevant factor significant weight, or (3) "commits a clear error of judgment in considering the proper factors." *Id.* at 1256 (quotation omitted). Because such an abuse of discretion infrequently occurs, "it is only the rare sentence that will be substantively unreasonable." *Id.* (quotation omitted). The burden rests on the party challenging the sentence to show "that the sentence is unreasonable in light of the entire record, the § 3553(a) factors, and the substantial deference afforded sentencing courts." *Id.* We will "vacate the sentence if, but only if, we 'are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case.'" *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (*en banc*) (quoting *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008)).

Here, Baez-Paulino's total 36-month sentence is substantively reasonable. The record confirms that the district court considered the § 3553(a) factors and explained that it varied below the applicable guideline range on Counts 1 and 2 due to Baez-Paulino's personal history and circumstances. Count 3 carried a

9

consecutive mandatory-minimum of 24 months' imprisonment.  The district court also commented on how it struggled to determine the appropriate sentence given the mitigating circumstances, and the record reflects that it considered Baez-Paulino's arguments concerning the appropriate sentence, including her argument that the underlying conduct was already accounted for by the criminal contempt case.  Although Baez-Paulino quarrels with how the district court weighed the relevant factors, the weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court.  *Rosales-Bruno*, 789 F.3d at 1254 (quotation omitted).  The district court was entitled to give more weight to the nature and circumstances of the offense over Baez-Paulino's mitigating circumstances, and she has not established that the district court erred in its consideration of the relevant factors.  *See id.* at 1256.  Moreover, Baez-Paulino's total 36-month sentence is well below the statutory maximum of five years, which is an indicator of reasonableness.  *See United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008) (explaining that a sentence that is below the statutory maximum is another indicator of reasonableness).

Finally, Baez-Paulino argues that running this term consecutively to her other 49 months of imprisonment results in an overly severe sentence that "overstates the seriousness of her offenses."  The record reflects, however, that the district court considered the relevant § 3553(a) factors and determined that under

the circumstances this term of imprisonment should run consecutively to her other undischarged term of imprisonment related to her prior identity theft convictions, which was well within its discretion. *See* 18 U.S.C. § 3584(a)-(b) (providing that "if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively" and in determining whether to run the terms concurrently or consecutively, the district court "shall consider . . . the factors set forth in [§] 3553(a)).

Accordingly, we conclude that Baez-Paulino's total 36-month sentence is both procedurally and substantively reasonable, and we affirm.

**AFFIRMED.**

11